UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

CONDOR INSURANCE LIMITED                            CASE NO. 07-51045 ERG
(IN OFFICIAL LIQUIDATION)
    Debtor in a Foreign Proceeding                  CHAPTER 15

RICHARD FOGERTY AND WILLIAM
TACON IN THEIR CAPACITY AS THE
JOINT OFFICIAL LIQUIDATORS OF
CONDOR INSURANCE LIMITED
    Plaintiffs
v.                                                  ADV. PROC. NO. 07-05049 ERG

CONDOR GUARANTY, INC. AND
PETROQUEST RESOURCES, INC.
    Defndants

## OPINION

The matter before the court is the Motion to Dismiss[1] (Dkt. # 25) filed by Condor Guaranty, Inc., ("CGI"), and the opposition thereto filed by Richard Fogerty and William Tacon as the joint official liquidators of the Debtor, Condor Insurance Limited. Having considered the pleadings and memoranda filed on behalf of the parties, and having heard the arguments of counsel on the matter, the court concludes that the Motion to Dismiss should be granted.

### I. FACTUAL BACKGROUND

On July 26, 2007, a Chapter 15 Petition for Recognition of a Foreign Main Proceeding was filed by Condor Insurance Limited (In Official Liquidation) in the United States Bankruptcy Court for the Southern District of Mississippi, Southern Division, seeking

---

[1] The motion filed by CGI is a Motion to: (1) Dismiss; (2) Set Aside Discovery Order; and (3) Hold Discovery Order in Abeyance Pending Ruling. Footnote #2 of CGI's initial Brief in Support of Motion to Dismiss (Dkt. #113) indicates that the discovery issues have been resolved by Order (Adv. Dkt. # 100 / Bankr. Dkt. #134).

recognition of an insolvency proceeding pending before the Eastern Caribbean Supreme Court in the High Court of Justice of St. Christopher and Nevis, Nevis Circuit. This court entered its order granting recognition of the foreign main proceeding pursuant to 11 U.S.C. § 1517 and related relief on August 21, 2007.

On November 20, 2007, Richard Fogerty and William Tacon as the duly appointed Joint Official Liquidators of Condor Insurance Limited filed their Complaint against Condor Guaranty, Inc. and Petroquest Resources, Inc.[2] Relief sought includes: Count One - Knowing Receipt of Property Transferred in Violation of Fiduciary Duty Under Nevis Law; Count Two - Dishonest Assistance in Transferring Property in Violation of Fiduciary Duty Under Nevis Law; Count Three - Fraudulent Conveyance Under the Statute of Elizabeth 1571; Count Four - Void Dispositions Under Nevis Law; Count Five - Request for Mandatory Preliminary Inunction Pending Trial on the Merits; and Count Six - Request for Attorneys Fees, Costs and Prejudgment Interest.

Condor Guaranty, Inc. ("CGI"), filed its Motion to: (1) Dismiss; (2) Set Aside Discovery Order; and (3) Hold Discovery Order in Abeyance Pending Ruling, requesting that the court dismiss the Adversary Proceeding. The grounds upon which dismissal are requested include lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted.[3]

---

[2] An Amended Complaint was filed April 21, 2008 that included additional defendants.

[3] In its Brief in Support of Motion to Dismiss [Adv. Docket No. 25] (Dkt. # 113), Condor Guaranty, Inc. addresses subject matter jurisdiction and failure to state a claim upon which relief may be granted. CGI indicates that although the motion raised other grounds for dismissal, it "has determined to pursue in conjunction with the Motion only the grounds set forth in this Brief." *Id.* at 3. Additionally, as indicated above, footnote 2 of CGI's brief indicates that discovery issues addressed in the Motion have been resolved by prior order.

Opposition to the Motion to Dismiss was filed by Richard Fogerty and William Tacon (the "Foreign Representatives"). Legal memoranda on the issues were submitted by the parties and arguments of counsel were heard by the court.

## II.  CONCLUSIONS OF LAW

CGI asserts that the adversary complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012, arguing lack of subject matter jurisdiction over this adversary, and failure to state a claim upon which relief may be granted against CGI. Regarding Rule 12 motions to dismiss, the Fifth Circuit stated the following in *Lane v. Halliburton,,* 529 F.3d 548 (5th Cir. 2008):

> In each of these cases, the district court granted KBR's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). We review *de novo* the district court's dismissal under Rule 12(b)(1), just as we would a dismissal under Rule 12(b)(6). *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot and Wansbrough,* 354 F.3d 348, 351 (5th Cir.2003). In reviewing the dismissal order, we take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007).
>   Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1965-66, 167 L.Ed.2d 929 (2007). This analysis is generally confined to a review of the complaint and its proper attachments. *Fin. Acquisition Partners v. Blackwell,* 440 F.3d 278, 286 (5th Cir.2006). However, under Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996).

*Id.* at 557. *See also, Dooley v. Principi,* 250 Fed.Appx. 114, 115-116, 2007 WL 2935407, 1 (5th Cir. 2007)(A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a

motion to dismiss under Rule 12(b)(6)); *Crawford v. U.S. Dept. of Homeland Security.,* 245 Fed.Appx. 369, 374, 2007 WL 2348661, 2 (5th Cir. 2007)(Federal courts have limited jurisdiction, and a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the claim).

CGI summarizes its argument that this court lacks jurisdiction to hear the adversary proceeding as follows:

> In summary, the Court lacks jurisdiction over this Adversary Proceeding on two grounds. First, the Court may not authorize the Liquidators to file avoidance actions under Section 1521(a)(7). Thus, there is an express statutory limitation on the Court's jurisdiction. Second, the Liquidators have not filed a separate case under another chapter of the code, nor is any such case pending. Therefore, the Liquidators lack standing to prosecute this Adversary Proceeding under Section 1523(a). Their lack of standing is jurisdictional.

Brief in Support of Motion to Dismiss at 9. CGI contends in the alternative that Counts One and Two should be dismissed arguing the following:

> The Liquidators' statement of the law of Nevis in paragraphs 28 and 34 of the Complaint Complaint goes too far and effectively distorts the law by try[ing] to establish a fiduciary relationship between the directors and the creditors when Nevis law establishes no such relationship. Under Section 97 of the Nevis Statute, the directors of a company must take into account the interests of the **company** as a whole, not the creditors as a whole . . . Accordingly, the Liquidators have failed to state a cause of action under Counts One and Two of the Complaint, and those Counts should be dismissed.

*Id.* at 16.

The parties provided the court with excellent briefs and arguments before the court on the matter. The court agrees with the legal analysis and arguments made by CGI regarding restrictions on avoidance actions in Chapter 15 cases and the applicability of those restrictions here. CGI summarized its arguments on the matter in its initial brief as follows:

-4-

A foreign representative is not allowed to exercise avoidance powers in a Chapter 15 case to set aside pre-petition transactions. Instead, the foreign representative must file a separate, independent bankruptcy case under another chapter of the Code (*e.g.,* Chapter 7 or 11) to assert such avoidance powers. Two provisions of Chapter 15 mandate this result.

First, Section 1521(a)(7) states that the bankruptcy court has discretion to grant to a foreign representative in a Chapter 15 case relief available to a trustee "**except for** relief available under sections 522, 544, 545, 547, 548 and 724(a)" (emphasis added). Second, Section 1523(a) of the Code states that when a foreign proceeding has been recognized, "the foreign representative has standing in a case **concerning the debtor pending under another chapter of this title** to initiate actions under Section 522, 544, 545, 547, 548, 550, 553, and 724(a)" (emphasis added. These two provisions complement one another. Section 1521(a)(7) delineates that avoiding powers are not available to the foreign representative in a Chapter 15 case, and Section 1523(a) affirmatively states that such powers are available to the foreign representative *if* (and only if) exercised in a companion case under a non-Chapter 15 chapter of the Code.

. . .

Chapter 15 was specifically designed to provide foreign representatives with certain statutorily prescribed rights to assist a foreign main proceeding. Yet, Chapter 15 also provides significant limitations, particularly limitations on avoiding powers.

Although Section 1525(a) of the Code requires the Court to "cooperate to the maximum extent possible" with foreign representatives and courts, Chapter 15 was not designed to incorporate the law of the home court (here, Nevis) into the United States bankruptcy system. Rather than using Chapter 15 for its proper goal of "assistance" under Sections 1501(b)(1) and 1507, the Liquidators improperly ask this Court to go beyond the parameters of Chapter 15 by using this Court as a *de facto* Nevis Court, interpreting and applying the substantive law of Nevis against a non-United States entity. The Liquidators cannot use this Court as a hub from which to launch international litigation under foreign avoidance law. If the Liquidators believe they have valid claims, those claims should be asserted elsewhere – not here.

Section 1521(a)(7) is clear. The court lacks statutory jurisdiction to grant the Liquidators the right to bring this Adversary Proceeding. Section 1523(a) is likewise clear. Standing is jurisdictional, and because the Liquidators lack standing to assert pre-petition avoidance actions in a Chapter 15 case, the Court has no subject matter jurisdiction over the Complaint. Taking the allegations of the Complaint as true and construing them in a light most favorable to the Liquidators, the Court lacks jurisdiction. The Complaint should be dismissed.

Moreover, Counts One and Two of the Complaint assert an element not found in the applicable Nevis statute. Because the Liquidators have asserted claims beyond what Nevis law allows, they have failed to "nudge [their] claims

> [under Counts One and Two] across the line from conceivable to plausible." . . .
> Taking the allegations of the Complaint as true and construing them in a light
> most favorable to the Liquidators, Counts One and Two of the Complaint should
> be dismissed.

*Id.* at 5-6, 17. (citation omitted).

The court does not find it necessary to discuss each of the various arguments made by the parties on the issue, although the court does make note of the following. CGI argues, in response to the Liquidators' argument that Chapter 15 was not intended to be a shield or bar to efforts to recover misappropriated assets, by stating that avoidance actions <u>are</u> available to foreign representatives but only in the context of a related non-chapter 15 proceeding. Additionally, CGI asserts that the Liquidators have failed to cite Chapter 15 authority to show that foreign avoidance law can be used where United States avoidance law cannot be used, and argues that they rely heavily on pre-Chapter 15 decisions. CGI asserts that the Liquidators emphasize the perceived need for this court to exercise jurisdiction over this adversary to effectuate the cooperation provisions of Chapter 15. CGI argues that the same Congress that mandated cooperation also put express limits on this court's jurisdiction. CGI further argues that the Liquidators are not without alternatives and that a finding of no jurisdiction will not constitute a lack of cooperation with the Nevis Court or preclude other remedies available. In response to Liquidators arguments concerning delays, CGI responds that even if a foreign tribunal would entail delay, jurisdictional limitations cannot be sacrificed in the interests of expediency. The court also notes that in arguments before the court CGI indicated its willingness to stipulate (in response to the Liquidators argument in its initial brief (at p. 10) that "the Defendants would contest personal jurisdiction in Nevis or avoid it altogether") that it would agree to jurisdiction of

Nevis and St. Kitts in the event this court decided to grant the motion to dismiss the adversary proceeding.

Having considered the pleadings and briefs submitted by the parties, and having heard the oral arguments, the court is inclined to agree with the position taken by CGI along with the legal analysis its has presented. The court concludes that it lacks subject matter jurisdiction over this adversary proceeding and that the motion to dismiss should be granted. Because the court determines that it does not have jurisdiction, it is not necessary for the court to address the alternative request for relief based upon grounds of failure to state a claim upon which relief may be granted.[4]

An order will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58. This opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

---

[4] *See, Menchaca v. Chrysler Credit Corp.*, 613 F. 2d 507, 512 (5th Cir. 1980) (court stated that if allegations do not survive the jurisdictional attack, then there is no jurisdiction even to consider the other claims, much less to entertain a Rule 12(b)(6) motion to dismiss those claims).

**ATTORNEY FOR PLAINTIFF CONDOR INSURANCE LIMITED:**

Byrd & Wiser
Nicholas Van Wiser
145 Main Street
Biloxi, MS 39530

Baker & McKenzie LLP
Laurie D. Babich
David W. Parham
R. Adam Swick
2001 Ross Avenue
2300 Trammell Crow Center
Dallas, TX 75201

**ATTORNEY FOR DEFENDANT CONDOR GUARANTY, INC.**

Jeffrey R. Barber
Watkins Ludlam Winter & Stennis, P.A.
Post office Box 427
Jackson, MS 39205