UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| CONDOR INSURANCE LIMITED (IN OFFICIAL LIQUIDATION), | CASE NO. 07-51045-NPO |
| DEBTOR IN A FOREIGN PROCEEDING. | CHAPTER 15 |
| RICHARD FOGERTY AND WILLIAM TAÇON IN THEIR CAPACITY AS THE JOINT OFFICIAL LIQUIDATORS OF CONDOR INSURANCE LIMITED | PLAINTIFFS |
| VS. | ADV. PROC. NO. 07-05049-NPO |
| CONDOR GUARANTY, INC., PETROQUEST RESOURCES, INC., HARVEY MILAM, BYRON TYGHE WILLIAMS, ROSS N. FULLER, T. ALAN OWEN, INTERCONTINENTAL DEVELOPMENT AND INVESTMENT CORPORATION, GYMNOGYPS MANAGEMENT, INC., AND FINPAC HOLDINGS, INC. | DEENDANTS |

**MEMORANDUM OPINION AND ORDER
GRANTING AMENDED MOTION OF RICHARD
FOGERTY [AND] WILLIAM TAÇON IN THEIR CAPACITY
AS THE JOINT OFFICIAL LIQUIDATORS OF CONDOR INSURANCE
LIMITED FOR DEFAULT JUDGMENT AS TO FINPAC HOLDINGS,
INC., FOR FAILURE TO ANSWER, PLEAD OR OTHERWISE DEFEND**

There came on for hearing on February 2, 2012 (the "Hearing"), the Amended Motion of Richard Fogerty [and] William Taçon in their Capacity as the Joint Official Liquidators of Condor Insurance Limited for Default Judgment as to Finpac Holdings, Inc., for Failure to Answer, Plead or Otherwise Defend (the "Motion") (Adv. Dkt. 219)[1] filed by Richard Fogerty and William Taçon

---

[1] Citations to the record are as follows: (1) citations to docket entries in this adversary proceeding are cited as "(Adv. Dkt. ____)"; (2) citations to docket entries in the chapter 15 bankruptcy proceeding, Case No. 07-51045-NPO, are cited as "(Bankr. Dkt. ____)".

(the "Foreign Representatives") in the above-styled adversary proceeding (the "Adversary"). Finpac Holdings, Inc. ("Finpac") did not file a response to the Motion, and no one appeared at the Hearing on behalf of Finpac. Nicholas Van Wiser appeared at the Hearing on behalf of the Foreign Representatives. This Memorandum Opinion supplements and revises the ruling of the Court[2] that was made orally on the record at the conclusion of the Hearing. The Court, being fully advised in the premises, and having heard and considered the argument of counsel and the evidence presented at the Hearing, together with having reviewed the pleadings which have been filed in the Adversary, finds that the Motion should be granted for the reasons set forth below. Specifically, the Court finds as follows:[3]

## Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).[4] Notice of the Motion was proper under the circumstances.

## Facts

1.    Condor Insurance Limited ("Condor") was an insurance company organized under

---

[2] The main case and the Adversary were transferred by United States Bankruptcy Judge Edward R. Gaines to United States Bankruptcy Judge Neil P. Olack on February 10, 2009.

[3] This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, as made applicable by Federal Rule of Bankruptcy Procedure 7052.

[4] In 2005, chapter 15 of the United States Bankruptcy Code replaced former 11 U.S.C. § 304. *See* Bankruptcy Abuse Prevention and Consumer Protection Act, Pub. L. No. 109-8, §§ 801, 802(d)(3) (2005). In a case of first impression, the United States Court of Appeals for the fifth Circuit in Fogerty v. Petroquest Resources, Inc. (In re Condor), 601 F.3d 319, 329 (5th Cir. 2010), held that chapter 15 conferred jurisdiction on this Court over the avoidance claims.

the laws of the nation of St. Christopher (a/k/a St. Kitts) and Nevis in the West Indies.

2.  On November 27, 2006, an insolvency proceeding was initiated against Condor in the Eastern Caribbean Supreme Court, High Court of Justice of St. Christopher and Nevis, Nevis Circuit (the "Nevis Court"). On May 18, 2007, the Nevis Court appointed the Foreign Representatives as joint liquidators to "take into their custody, or under their control, all the property and things in action (including any assets or books and papers) to which Condor is, or appears to be, entitled . . . . [and] do all such other things as may be necessary for winding-up the affairs of the company and distributing its assets." (Bankr. Dkt. 35).

3.  Because the Foreign Representatives believed they had identified assets of Condor in the State of Mississippi, they commenced a chapter 15 case in this Court by filing a Verified Petition for Recognition of Foreign Main Proceeding and Related Relief (Bankr. Dkt. 2) on July 26, 2007.

4.  The Court entered an Order Granting Recognition of Foreign Main Proceeding and Related Relief on August 21, 2007, pursuant to the provisions of 11 U.S.C. § 1517(b)(1). (Bankr. Dkt. 35).

5.  On November 20, 2007, the Foreign Representatives initiated the Adversary by filing the Original Complaint (Adv. Dkt. 1) seeking the recovery of certain fraudulent conveyances under Nevis law. The Foreign Representatives filed an Amended Complaint (the "Amended Complaint") (Adv. Dkt. 115) on April 21, 2008, that named additional defendants.

6.  Finpac was served with a summons and a copy of the Amended Complaint on May 20, 2008, pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure. (Adv. Dkt. 133). On June 12, 2008, Ross N. Fuller ("Fuller"), acting *pro se*, filed an Answer to Complaint by Ross

Fuller Individually and as Secretary-Treasurer of Finpac Holdings Inc. ["Defendant"] (the "Answer") (Adv. Dkt. 139).

7. The caption of the Answer suggested that Fuller intended the Answer to constitute a response by Finpac. Fuller, however, is not a licensed attorney.

8. The Clerk of the Bankruptcy Court (the "Clerk") sent a Deficiency Notice (Adv. Dkt. 141) on June 12, 2008, to Finpac and Fuller, notifying them both that the Answer was defective to the extent it was intended as a responsive pleading on behalf of Finpac, because it was not signed by a licensed attorney. *See* SW Express Co. v. Interstate Commerce Comm'n, 670 F.2d 53 (5th Cir. 1982) (corporation could not appear through a corporate officer but only through a licensed attorney).

9. Finpac did not retain counsel to represent it in this Adversary and did not otherwise respond to the Deficiency Notice. Because Finpac failed to cure the defect, the Court entered an Order (Adv. Dkt. 155) striking the Answer as to Finpac on July 8, 2008. *See* Turner v. Am. Bar Ass'n, 407 F. Supp. 451, 476 (D.C. Ala. 1975) ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally.") Since then, no pleadings have been filed by or on behalf of Finpac, and no attempt has been made by anyone to defend Finpac in any manner in the Adversary.

10. The Foreign Representatives filed an Application for Entry of Default (Adv. Dkt. 181) as to Finpac on August 6, 2010. The Clerk filed an Entry of Default (the "Entry of Default") (Adv. Dkt. 192) against Finpac on August 25, 2010.

11. The Motion was filed on July 29, 2011. In the Motion, the Foreign Representatives request entry of a default judgment on liability against Finpac, as well as on damages. Because the damages that the Foreign Representatives seek are not readily ascertainable, the Court conducted the

Hearing to determine the amount for which any judgment should be entered, assuming that a final default judgment on liability against Finpac was procedurally and otherwise appropriate.

## Discussion

**A.** **Rule 55**

Federal Rule of Civil Procedure 55 ("Rule 55") applies in adversary proceedings by virtue of Rule 7055 of the Federal Rules of Bankruptcy Procedure. Rule 55 governs the entry of a default judgment. The first step for entry of a default judgment is the entry in the docket of a default by the Clerk indicating that the defendant "has failed to plead or otherwise defend" the action. FED. R. CIV. P. 55(a). If the defendant's failure "to plead or otherwise defend" is supported by an affidavit or otherwise, the Clerk must enter the party's default. FED. R. CIV. P. 55(a). Once this first step is met, the defendant's liability is established in accordance with the factual allegations of the complaint. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

Next, the Clerk must enter a default judgment upon affidavit showing the amount due if the claim is made for a "sum certain." FED. R. CIV. P. 55(b)(1). In cases which do not involve claims for a "sum certain," such as the present Adversary, a plaintiff must prove damages at a hearing before the Court. FED. R. CIV. P. 55(b)(2). The Fifth Circuit has cautioned that even when a defendant is technically in default, the plaintiff is not entitled to a default judgment as a matter of right. Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996).

**B.** **Finpac**

Because Finpac failed to file an appropriate responsive pleading or to otherwise defend itself in the Adversary, the Court finds that the Clerk's Entry of Default as to Finpac was proper. The Answer that Fuller, a non-attorney, filed on behalf of Finpac was properly stricken from the record.

*See* Flora Constr. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413, 414 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law."). Finpac has not taken any appropriate action to appear or otherwise defend itself in any manner in the Adversary. The Foreign Representatives, therefore, have satisfied the first step under Rule 55(a) for entry of a default judgment. The Court also finds that the Foreign Representatives have satisfied the second step under Rule 55(b) for entry of a default judgment by proving the amount of their damages.

At the Hearing, Tammy Fu ("Fu") testified on behalf of the Foreign Representatives as to the damages attributable to Finpac. She testified that the audited financial statements of Condor revealed total assets of $315,651,621.00 as of December 31, 2005. When the Foreign Representatives took possession of Condor, however, the vast majority of these assets had "disappeared." Fu further testified that the assets had been transferred to Finpac and to the various other entities and individuals named in the Amended Complaint. She stated that the amount of assets recoverable from Condor was only $1,338,430.00, leaving a deficit, based upon Condor's own financial statements, of $314,313,191.00. Finally, Fu testified that many insurance policies were sold by Condor with the sales of those policies predicated upon Condor's representation that the numbers reflected in its audited financial statements were correct and available to pay any claims on the policies.

The Court finds Fu's testimony to be credible. Her unrebutted testimony established that: (1) Condor's assets were transferred to other entities or (2) the insureds who purchased insurance policies from Condor were defrauded into thinking that sufficient assets were available to satisfy

claims on the policies, when such assets were not available.[5]

## Conclusion

The Court concludes that the Motion is well taken and should be granted. In accordance with Rule 7058 of the Federal Rules of Bankruptcy Procedure, the Court will enter a separate default judgment in the amount of $314,313,191.00 against Finpac consistent with this Memorandum Opinion.

SO ORDERED.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: March 5, 2012

---

[5] The Court has been advised that Condor Guaranty, Inc., Harvey Milam, and Gymnogyps Management, Inc. have reached a tentative settlement agreement with the Foreign Representatives. If approved by the Nevis Court, the settlement agreement will resolve the disputes between those parties. The Court makes no findings of fact or conclusions of law herein that will have any estoppel, waiver, or other preclusive effect on the rights, claims, and defenses of Condor Guaranty, Inc., Harvey Milam, Gymnogyps Management, Inc., or the Foreign Representatives.