UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| CONDOR INSURANCE LIMITED (IN OFFICIAL LIQUIDATION), | CASE NO. 07-51045-NPO |
| DEBTOR IN A FOREIGN PROCEEDING. | CHAPTER 15 |
| RICHARD FOGERTY AND WILLIAM TAÇON IN THEIR CAPACITY AS THE JOINT OFFICIAL LIQUIDATORS OF CONDOR INSURANCE LIMITED | PLAINTIFFS |
| VS. | ADV. PROC. NO. 07-05049-NPO |
| CONDOR GUARANTY, INC., PETROQUEST RESOURCES, INC., HARVEY MILAM, BYRON TYGHE WILLIAMS, ROSS N. FULLER, T. ALAN OWEN, INTERCONTINENTAL DEVELOPMENT AND INVESTMENT CORPORATION, GYMNOGYPS MANAGEMENT, INC., AND FINPAC HOLDINGS, INC. | DEENDANTS |

**MEMORANDUM OPINION AND ORDER
GRANTING AMENDED MOTION OF RICHARD FOGERTY
[AND] WILLIAM TAÇON IN THEIR CAPACITY AS THE JOINT
OFFICIAL LIQUIDATORS OF CONDOR INSURANCE LIMITED FOR DEFAULT
JUDGMENT AS TO INTERCONTINENTAL DEVELOPMENT AND INVESTMENT
CORPORATION, FOR FAILURE TO ANSWER, PLEAD OR OTHERWISE DEFEND**

There came on for hearing on February 2, 2012 (the "Hearing"), the Amended Motion of Richard Fogerty [and] William Taçon in their Capacity as the Joint Official Liquidators of Condor Insurance Limited for Default Judgment as to Intercontinental Development and Investment Corporation, for Failure to Answer, Plead or Otherwise Defend (the "Motion") (Adv. Dkt. 220)[1] filed

---

[1] Citations to the record are as follows: (1) citations to docket entries in this adversary proceeding are cited as "(Adv. Dkt. ____)"; (2) citations to docket entries in the chapter 15 case, Case No. 07-51045-NPO, are cited as "(Bankr. Dkt. ____)".

by Richard Fogerty and William Taçon (the "Foreign Representatives") in the above-styled adversary proceeding (the "Adversary"). Intercontinental Development and Investment Corporation ("IDIC") did not file a response to the Motion, and no one appeared at the Hearing on behalf of IDIC. Nicholas Van Wiser appeared at the Hearing on behalf of the Foreign Representatives. This Memorandum Opinion supplements and revises the ruling of the Court[2] that was made orally on the record at the conclusion of the Hearing. The Court, being fully advised in the premises, and having heard and considered the argument of counsel and the evidence presented at the Hearing, together with having reviewed the pleadings which have been filed in the Adversary, finds that the Motion should be granted for the reasons set forth below. Specifically, the Court finds as follows:[3]

**Jurisdiction**

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).[4] Notice of the Motion was proper under the circumstances.

---

[2] The main case and the Adversary were transferred by United States Bankruptcy Judge Edward R. Gaines to United States Bankruptcy Judge Neil P. Olack on February 10, 2009.

[3] This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, as made applicable by Federal Rule of Bankruptcy Procedure 7052.

[4] In 2005, chapter 15 of the United States Bankruptcy Code replaced former 11 U.S.C. § 304. *See* Bankruptcy Abuse Prevention and Consumer Protection Act, Pub. L. No. 109-8, §§ 801, 802(d)(3) (2005). In a case of first impression, the United States Court of Appeals for the Fifth Circuit in Fogerty v. Petroquest Resources, Inc. (In re Condor), 601 F.3d 319, 329 (5th Cir. 2010), held that chapter 15 conferred jurisdiction on this Court over the avoidance claims.

**Facts**

1.  Condor Insurance Limited ("Condor") was an insurance company organized under the laws of the nation of St. Christopher (a/k/a St. Kitts) and Nevis in the West Indies.

2.  On November 27, 2006, an insolvency proceeding was initiated against Condor in the Eastern Caribbean Supreme Court, High Court of Justice of St. Christopher and Nevis, Nevis Circuit (the "Nevis Court"). On May 18, 2007, the Nevis Court appointed the Foreign Representatives as joint liquidators to "take into their custody, or under their control, all the property and things in action (including any assets or books and papers) to which Condor is, or appears to be, entitled . . . . [and] do all such other things as may be necessary for winding-up the affairs of the company and distributing its assets." (Bankr. Dkt. 35).

3.  Because the Foreign Representatives believed they had identified assets of Condor in the State of Mississippi, they commenced a chapter 15 case in this Court by filing a Verified Petition for Recognition of Foreign Main Proceeding and Related Relief (Bankr. Dkt. 2) on July 26, 2007.

4.  The Court entered an Order Granting Recognition of Foreign Main Proceeding and Related Relief on August 21, 2007, pursuant to the provisions of 11 U.S.C. § 1517(b)(1). (Bankr. Dkt. 35).

5.  On November 20, 2007, the Foreign Representatives initiated the Adversary by filing the Original Complaint (Adv. Dkt. 1) seeking recovery of certain fraudulent conveyances under Nevis law. On April 21, 2008, the Foreign Representatives filed an Amended Complaint (the "Amended Complaint") (Adv. Dkt. 115) that named additional defendants.

6.  IDIC was served with a summons and a copy of the Amended Complaint on May 20,

2008, pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure. (Adv. Dkt. 131).

7. IDIC did not file a responsive pleading and did not otherwise defend itself in any manner in the Adversary.

8. The Foreign Representatives filed an Application for Entry of Default (Adv. Dkt. 181) as to IDIC on August 6, 2010. The Clerk filed an Entry of Default (the "Entry of Default") (Adv. Dkt. 190) against IDIC on August 25, 2010.

9. The Motion was filed on July 29, 2011. In the Motion, the Foreign Representatives request entry of a default judgment on liability against IDIC, as well as on damages. Because the damages that the Foreign Representatives seek are not readily ascertainable, the Court conducted the Hearing to determine the amount for which any judgment should be entered, assuming that a final default judgment on liability against IDIC was procedurally and otherwise appropriate.

## Discussion

**A.    Rule 55**

Federal Rule of Civil Procedure 55 ("Rule 55") applies in adversary proceedings by virtue of Rule 7055 of the Federal Rules of Bankruptcy Procedure. Rule 55 governs the entry of a default judgment. The first step for entry of a default judgment is the entry in the docket of a default by the Clerk indicating that the defendant "has failed to plead or otherwise defend" the action. FED. R. CIV. P. 55(a). If the defendant's failure "to plead or otherwise defend" is supported by an affidavit or otherwise, the Clerk must enter the party's default. FED. R. CIV. P. 55(a). Once this first step is met, the defendant's liability is established in accordance with the factual allegations of the complaint. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

Next, the Clerk must enter a default judgment upon affidavit showing the amount due if the

claim is made for a "sum certain." FED. R. CIV. P. 55(b)(1). In cases which do not involve claims for a "sum certain," such as the present Adversary, a plaintiff must prove damages at a hearing before the Court. FED. R. CIV. P. 55(b)(2). The Fifth Circuit has cautioned that even when a defendant is technically in default, the plaintiff is not entitled to a default judgment as a matter of right. Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996).

**B.   IDIC**

Because IDIC failed to file an appropriate responsive pleading or to otherwise defend itself in the Adversary, the Court finds that the Clerk's Entry of Default as to IDIC was proper. The Foreign Representatives, therefore, have satisfied the first step under Rule 55(a) for entry of a default judgment. The Court further finds that the Foreign Representatives have satisfied the second step under Rule 55(b) for entry of a default judgment by proving the amount of their damages.

At the Hearing, Tammy Fu ("Fu") testified on behalf of the Foreign Representatives as to the damages attributable to IDIC. She testified that the audited financial statements of Condor revealed total assets of $315,651,621.00 as of December 31, 2005. When the Foreign Representatives took possession of Condor, however, the vast majority of these assets had "disappeared." Fu further testified that the assets had been transferred to IDIC and to the various other entities and individuals named in the Amended Complaint. She stated that the amount of assets recoverable directly from Condor was only $1,338,430.00, leaving a deficit, based upon Condor's own financial statements, of $314,313,191.00. Finally, Fu testified that many insurance policies were sold by Condor with the sales of those policies predicated upon Condor's representation that the numbers reflected in its audited financial statements were correct and available to pay any claims on the policies.

The Court finds Fu's testimony to be credible. Her unrebutted testimony established that:

(1) Condor's assets were transferred to other entities or (2) the insureds who purchased insurance policies from Condor were defrauded into thinking that sufficient assets were available to satisfy claims on the policies, when such assets were not available.[5]

## Conclusion

The Court concludes that the Motion is well taken and should be granted. In accordance with Rule 7058 of the Federal Rules of Bankruptcy Procedure, the Court will enter a separate default judgment in the amount of $314,313,191.00 against IDIC consistent with this Memorandum Opinion.

SO ORDERED.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: March 5, 2012

---

[5] The Court has been advised that Condor Guaranty, Inc., Harvey Milam, and Gymnogyps Management, Inc. have reached a tentative settlement agreement with the Foreign Representatives. If approved by the Nevis Court, the settlement agreement will resolve the disputes between those parties. The Court makes no findings of fact or conclusions of law herein that will have any estoppel, waiver, or other preclusive effect on the rights, claims, and defenses of Condor Guaranty, Inc., Harvey Milam, Gymnogyps Management, Inc., or the Foreign Representatives.