UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| **CONDOR INSURANCE LIMITED** **(IN OFFICIAL LIQUIDATION),** | **CASE NO. 07-51045-NPO** |
| DEBTOR IN A FOREIGN PROCEEDING. | CHAPTER 15 |
| **RICHARD FOGERTY AND WILLIAM TAÇON** **IN THEIR CAPACITY AS THE JOINT OFFICIAL** **LIQUIDATORS OF CONDOR INSURANCE LIMITED** | **PLAINTIFFS** |
| VS. | **ADV. PROC. NO. 07-05049-NPO** |
| **CONDOR GUARANTY, INC., PETROQUEST** **RESOURCES, INC., HARVEY MILAM,** **BYRON TYGHE WILLIAMS, ROSS N. FULLER,** **T. ALAN OWEN, INTERCONTINENTAL** **DEVELOPMENT AND INVESTMENT** **CORPORATION, GYMNOGYPS MANAGEMENT,** **INC., AND FINPAC HOLDINGS, INC.** | **DEENDANTS** |

**MEMORANDUM OPINION AND ORDER**
**(1) DENYING MOTION OF RICHARD FOGERTY**
**[AND] WILLIAM TAÇON IN THEIR CAPACITY AS THE**
**JOINT OFFICIAL LIQUIDATORS OF CONDOR INSURANCE**
**LIMITED FOR DEFAULT JUDGMENT AS TO ROSS N. FULLER FOR**
**FAILURE TO TIMELY ANSWER, PLEAD OR OTHERWISE DEFEND AND**
**(2) SETTING ASIDE CLERK'S ENTRY OF DEFAULT AGAINST ROSS N. FULLER**

There came on for hearing on February 2, 2012 (the "Hearing"), the Motion of Richard Fogerty [and] William Taçon in their Capacity as the Joint Official Liquidators of Condor Insurance Limited for Default Judgment as to Ross N. Fuller for Failure to Timely Answer, Plead or Otherwise Defend (the "Motion") (Adv. Dkt. 221)[1] filed by Richard Fogerty and William Taçon (the "Foreign

---

[1] Citations to the record are as follows: (1) citations to docket entries in this adversary proceeding are cited as "(Adv. Dkt. ____)"; (2) citations to docket entries in the main case, Case

Representatives") in the above-styled adversary proceeding (the "Adversary"). Ross N. Fuller ("Fuller") did not file a response to the Motion and did not appear at the Hearing. Nicholas Van Wiser appeared at the Hearing on behalf of the Foreign Representatives. This Memorandum Opinion supplements and revises the ruling of the Court[2] that was made orally on the record at the conclusion of the Hearing. The Court, being fully advised in the premises, and having heard and considered the argument of counsel and the evidence presented at the Hearing, together with having reviewed the pleadings which have been filed in the Adversary, finds that the Motion should be denied and that the Entry of Default (the "Entry of Default") (Adv. Dkt. 193) against Fuller should be set aside for the reasons set forth below. Specifically, the Court finds as follows:[3]

**Jurisdiction**

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).[4] Notice of the Motion was proper under the circumstances.

---

No. 07-51045-NPO, are cited as "(Bankr. Dkt. ____)".

[2] The main case and the Adversary were transferred by United States Bankruptcy Judge Edward R. Gaines to United States Bankruptcy Judge Neil P. Olack on February 10, 2009.

[3] This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, as made applicable by Federal Rule of Bankruptcy Procedure 7052.

[4] In 2005, chapter 15 of the United States Bankruptcy Code replaced former 11 U.S.C. § 304. *See* Bankruptcy Abuse Prevention and Consumer Protection Act, Pub. L. No. 109-8, §§ 801 802(d)(3) (2005). In a case of first impression, the United States Court of Appeals for the Fifth Circuit in Fogerty v. Petroquest Resources, Inc. (In re Condor), 601 F.3d 319, 329 (5th Cir. 2010), held that chapter 15 conferred jurisdiction on this Court over the avoidance claims brought by the Foreign Representatives.

**Facts**

1.     Condor Insurance Limited ("Condor") was an insurance company organized under the laws of the nation of St. Christopher (a/k/a St. Kitts) and Nevis in the West Indies.

2.     On November 27, 2006, an insolvency proceeding was initiated against Condor in the Eastern Caribbean Supreme Court, High Court of Justice of St. Christopher and Nevis, Nevis Circuit (the "Nevis Court").  On May 18, 2007, the Nevis Court appointed the Foreign Representatives as joint liquidators to "take into their custody, or under their control, all the property and things in action (including any assets or books and papers) to which Condor is, or appears to be, entitled . . . . [and] do all such other things as may be necessary for winding-up the affairs of the company and distributing its assets. " (Bankr. Dkt. 35).

3.     Because the Foreign Representatives believed they had identified assets of Condor in the State of Mississippi, they commenced a chapter 15 case in this Court by filing a Verified Petition for Recognition of Foreign Main Proceeding and Related Relief (Bankr. Dkt. 2) on July 26, 2007.

4.     The Court entered an Order Granting Recognition of Foreign Main Proceeding and Related Relief on August 21, 2007, pursuant to the provisions of 11 U.S.C. § 1517(b)(1).  (Bankr. Dkt. 35).

5.     On November 20, 2007, the Foreign Representatives initiated the Adversary by filing the Original Complaint (Adv. Dkt.1) seeking the recovery of certain fraudulent conveyances under Nevis law.  On April 21, 2008, the Foreign Representatives filed an Amended Complaint (the "Amended Complaint") (Adv. Dkt. 115) that named additional defendants.

6.     Fuller was served with a summons and a copy of the Amended Complaint on May

20, 2008, pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure. (Adv. Dkt. 129). Fuller, acting *pro se*, filed an Answer to Complaint by Ross Fuller Individually and as Secretary-Treasurer of Finpac Holdings Inc. ["Defendant"] (the "Answer") (Adv. Dkt. 139) on June 12, 2008.

7.     The Court entered an Order (Adv. Dkt. 155) on July 8, 2008, striking the Answer as it pertained to Finpac Holdings, Inc. *See* Turner v. Am. Bar Ass'n, 407 F. Supp. 451, 476 (D.C. Ala. 1975) ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally."). The Court did not strike the Answer as to Fuller.

8.     After filing the Answer, Fuller did not submit any other pleadings or motions and has not appeared at any status conferences or hearings.

9.     The Foreign Representatives filed an Application for Entry of Default Against Ross N. Fuller (Adv. Dkt. 182) on August 6, 2010. The Clerk of the Bankruptcy Court (the "Clerk") filed the Entry of Default against Fuller on August 25, 2010.

10.     The docket in the Adversary indicates that by December 7, 2010, the Clerk began receiving mail returned by the U.S. postal service that had been sent to Fuller at the same street address that had been previously used. (Adv. Dkt. 207). An envelope returned in the mail included the following notation: "RETURN TO SENDER ATTEMPTED NOT KNOWN UNABLE TO FORWARD." (Adv. Dkt. 207). Apparently, sometime between August 25, 2010, and November 24, 2010, Fuller changed his mailing address without providing the Court with his new contact information. Since December 7, 2010, all first-class mail sent to Fuller by the Clerk has been returned as undeliverable. (*See* Adv. Dkt. 211, 215, 245, 246, 247, 259, 269).

11.     The Motion was filed on August 8, 2011. In the Motion, the Foreign Representatives request entry of a default judgment on liability against Fuller, as well as on damages. Because the

damages that the Foreign Representatives seek are not readily ascertainable, the Court conducted a Hearing to determine the measure of damages, assuming that a final default judgment on liability against Fuller was procedurally and otherwise appropriate.

## Discussion

**A.    Rule 55**

Federal Rule of Civil Procedure 55 ("Rule 55") applies in adversary proceedings by virtue of Rule 7055 of the Federal Rules of Bankruptcy Procedure. Rule 55 governs the entry of a default judgment. The first step for entry of a default judgment is the entry on the docket of a default by the Clerk indicating that the defendant "has failed to plead or otherwise defend" the action. FED. R. CIV. P. 55(a). If the defendant's failure "to plead or otherwise defend" is supported by an affidavit or otherwise, the Clerk must enter a default. FED. R. CIV. P. 55(a). Once this first step is met by the plaintiff, the defendant's liability is established in accordance with the factual allegations of the complaint. Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

Next, the Clerk may enter a default judgment against the defendant upon an affidavit showing the amount due, so long as the claims are made for a "sum certain." FED. R. CIV. P. 55(b)(1). In cases which do not involve claims for a "sum certain," however, a plaintiff must prove damages at a hearing before the Court. FED. R. CIV. P. 55(b)(2). The Fifth Circuit has cautioned that even when a defendant is technically in default, the plaintiff is not entitled to a default judgment as a matter of right. Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996).

**B.     Fuller**

It is undisputed that Fuller filed a responsive pleading in the Adversary. The Foreign Representatives, however, contend that Fuller's lack of participation in the Adversary *after* he filed the Answer justifies the entry of a default against him because Fuller failed to "otherwise defend." In particular, the Foreign Representatives point out that Fuller failed to attend a status conference on June 30, 2010, that had been set by the Court. A copy of the Order Setting Status Conference in Adversary Proceeding (Adv. Dkt. 176) was mailed on May 13, 2010, to Fuller at the same address as had all previous mailings to him and was not returned as undeliverable. *See* Mulder v. C.I.R., 855 F.2d 208, 212 (5th Cir. 1988) ("[I]t is presumed that a properly-addressed piece of mail placed in the care of the Postal Service has been delivered [.]"). Fuller's address did not change until sometime between August 25, 2010, and November 24, 2010.

In support of the entry of a post-answer default, the Foreign Representatives cite Hoxworth v. Blinder, Robinson & Company, Inc., 980 F.2d 912 (3d Cir. 1992). There, the Third Circuit Court of Appeals interpreted the "or otherwise defend" language in Rule 55 as supplying grounds for the entry of a default separate from a defendant's mere failure "to plead." The Third Circuit cited examples of conduct that could warrant the entry of a default against a defendant who had previously filed a responsive pleadings, such as: "failure to comply with . . . orders to obtain substitute counsel, to file a pre-trial memorandum and respond to . . . discovery requests." Id. at 918-19.

Hoxworth is not controlling authority in this jurisdiction. More importantly, the Fifth Circuit, unlike the Third Circuit, has long interpreted Rule 55 as requiring a complete failure to plead. *See* Bass v. Hoagland, 172 F.2d 205, 210 (5th Cir. 1949). Once a defendant has filed a sufficient answer to the merits of a claim, Rule 55 no longer authorizes the entry of a default. Id. Indeed, the Third

Circuit itself recognized that its holding in Hoxworth conflicted with the Fifth Circuit's construction of the "or otherwise defend" language. Hoxworth, 980 F.2d at 919. According to the Fifth Circuit, Rule 55 "does not require that to escape default the defendant must not only file a sufficient answer to the merits, but must also have a lawyer or be present in court when the case is called for a trial." Hoag, 172 F.2d at 210.

The Court concludes that Fuller has not "failed to plead or otherwise defend" and for that reason, was not subject to a default. The failure of the Foreign Representatives to satisfy the first step for entry of a default judgment means they cannot satisfy the second step.[5]

The Court agrees with the Foreign Representatives that Fuller's apparent abandonment of the Adversary has hampered the efficient administration of justice. However, in this jurisdiction default judgments are not favored in this jurisdiction, and the Foreign Representatives have not met the minimum procedural prerequisites for entry of a default judgment against Fuller. *See* Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.").

---

[5] The Court has been advised that Condor Guaranty, Inc., Harvey Milam, and Gymnogyps Management, Inc. have reached a tentative settlement agreement with the Foreign Representatives. If approved by the Nevis court, the settlement agreement will resolve the disputes between those parties. The Court makes no findings of fact or conclusions of law herein that will have any estoppel, waiver, or other preclusive impact on the rights, claims, and defenses of Condor Guaranty, Inc., Harvey Milam, Gymnogyps Management, Inc., or the Foreign Representatives.

**Conclusion**

Accordingly, the Court concludes that the Motion is not well taken and should be denied.

The Court further concludes that the Clerk's Entry of Default should be set aside.

IT IS, THEREFORE, ORDERED that the Motion is hereby denied.

IT IS FURTHER ORDERED that the Clerk's Entry of Default is hereby set aside.

SO ORDERED.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: March 5, 2012